**Form BLdfnld7** (5/17/2004)

# United States Bankruptcy Court

Eastern District of New York
290 Federal Plaza
P.O. Box #9013
Central Islip, NY 11722−9013

---

IN RE:                                              CASE NO: 8−05−82912−sb

  Colette Reeber

SSN/TAX ID:                                         CHAPTER: 7

  xxx−xx−9698

                DEBTOR(s)

---

## DISCHARGE OF DEBTOR(S)
## ORDER OF FINAL DECREE

A petition under title 11, United States Code was filed by or against the Debtor(s) on April 28, 2005; an order for relief was entered under Chapter 7; no order denying a discharge has been granted.

It appearing that the debtor(s) is entitled to a discharge and the estate of the above named debtor(s) has been fully administered.

**IT IS ORDERED** :

- The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).
- Andrew M Thaler (Trustee) is discharged as trustee of the estate of the above−named debtor(s) and the bond is cancelled.
- The Chapter 7 case of the above−named debtor(s) is closed.

BY THE COURT

Dated: August 25, 2005                      s/ Stan Bernstein
                                            United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**Form BLdfnld7** (5/17/2004)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**BAE SYSTEMS**

**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE  OF  SERVICE

```
District/off: 0207-8          User: pmazziott          Page 1 of 1              Date Rcvd: Aug 25, 2005
Case: 05-82912               Form ID: 262             Total Served: 9
```

```
The following entities were served by first class mail on Aug 27, 2005.
db      +Colette Reeber,   4 Basswood Lane,   Smithtown, NY 11787-4503
aty     +Alan Pressman,   1797-22 Veterans Highway,   Islandia, NY 11749-1537
tr      +Andrew M Thaler,   Thaler & Gertler LLP,   900 Merchants Concourse,   Suite 414,
          Westbury, NY 11590-5114
smg     +NYC Department of Finance,   345 Adams Street, 3rd Floor,   Attn: Legal Affairs - Devora Cohn,
          Brooklyn, NY 11201-3719
smg      NYS Department of Taxation & Finance,   Bankruptcy Unit - TCD,   Bldg. 8, Room 455,
          W. A. Harriman State Campus,   Albany, NY 12227
smg     +NYS Unemployment Insurance,   Attn: Isolvency Unit,   Bldg. #12, Room 256,   Albany, NY 12240-0001
smg     +Teresa A Cavanagh,   Office of the United States Trustee,   Long Island Federal Courthouse,
          560 Federal Plaza,   Central Islip, NY 11722-4456
4754795 +First Card,   c/o Bronson & Migliaccio, LLP,   415 Lawrence Bell Dr.,   Williamsville, NY 14221-7805
4754796 +JC Penney,   c/o Client Services, Inc.,   3451 Harry S. Truman Blvd.,   St. Charles, MO 63301-4047

The following entities were served by electronic transmission.
NONE.                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 27, 2005**                     **Signature:**    *Joseph Speetjens*